ANNIE EUSTACE, ASSIGNEE OF HARRY C. KING, APPEL-
LANT, v. METROPOLITAN SAVINGS BANK AND TRUST
COMPANY, RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellant, *Samuel P. Hagerman.*

For the respondent, *Norman W. Harker.*

The opinion of the court was delivered by

LLOYD, J. The action was to recover the sum of $3,000 paid on account of a contract to purchase a tract of land in Gloucester county, together with $600 paid by the plaintiff for search fees and examination of the title. The case was heard by the judge sitting without a jury, and upon the conclusion of the proofs there was a finding for the defendant. From the judgment rendered on this finding the present appeal is taken.

The essential parts of the agreement of sale entered into by the parties were that the vendor would convey in fee-simple by a special warranty deed all of the right, title and interest of the defendant of, in and to the premises described on or before March 9th, 1926, and further that "if the title should not prove marketable, viz.: such as will be approved by a reputable title company and the seller should fail or neglect to perfect the same in a reasonable time after notice, the * * * down-money is to be refunded to the purchaser and

the agreement becomes null and void." It was upon the claimed failure to comply with this agreement that the plaintiff as assignee of King, the vendee, sought recovery. The learned trial judge deeming the proofs inadequate to show that the title was not marketable in that a reputable title company would not approve it, came to the conclusion above stated.

In this we think he was in error. Portions of the testimony, which is somewhat voluminous, clearly showed that application was made to at least one reputable title company and insurance declined, and there was additional proof by officers of other title companies that the conditions of the title were such that it could not be insured, and that even an examination and search would not be undertaken except upon the payment of charges clearly not contemplated by the parties. Of these facts the defendant was fully advised and failed to meet the objections raised within a reasonable time.

It appeared in the case that title to portions of the property was derived through sheriff sale based upon a judgment, which judgment was in turn founded upon a judgment procured in Pennsylvania on a bond accompanied by a mortgage on lands in New Jersey, and this without prior foreclosure of the mortgage. The title officer of one insuring company testified that application for insurance was made to his company and declined because of the title procured through such means. He further testified that he communicated with a New Jersey title company and received reply exacting prohibitive charges for even making a complete search. While it was admitted that an examination had not been made by this witness to determine marketability, it was clear that he had before him the essential facts upon which to refuse to insure. The assistant secretary and title examiner of the West Jersey Title and Guaranty Company testified that there were defects in the title which would prevent insurance by his company. The title officer of the Gloucester County Title Company testified that the title in question was defective and not insurable. He further testified that application had in fact been made the following year on the same title for insurance and refused.

There was nothing to discredit this proof, and as thus presented by the plaintiff we think the evidence was conclusive that the contract of the vendor to convey a marketable title such as would be approved by a reputable title company has not been met, and that the objections were not overcome within a reasonable time, and that if in such situation a jury were present the judge would be obliged to instruct it to find a verdict for the plaintiff. In such situation the judge sitting as a jury was of course obliged to accept the proofs with the same conclusive effect.

The judgment is reversed, with direction to enter a finding and judgment for the plaintiff on the undisputed facts.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.